IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FINAZZLE CORPORATION USA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> FREEBAIRN & CO., ) <br> ) <br> Defendant. ) <br> ) | Civil Action File No. <br> 1:04-CV-3751-CC |

## PLAINTIFF FINAZZLE CORPORATION USA'S OPPOSITION TO DEFENDANT FREEBAIRN & CO.'S EMERGENCY MOTION

I. INTRODUCTION.

Defendant Freebairn & Co.'s ("Freebairn") Emergency Motion to Strike Plaintiff Finazzle Corporation USA's ("Finazzle") Multiple Summary Judgment Motions is nothing more than an indirect attempt by Freebairn to garner additional time to respond to the two motions for summary judgment filed by Finazzle, each of which pertain to separate and distinct legal and factual issues. The instant motion requests that the Court strike both of Finazzle's summary judgment motions or refuse to consider arguments made in excess of twenty-five pages. Freebairn has provided no legal support for this request. Rather, it appears that Freebairn determined it needs additional time to respond to

AO 1382500.1

Finazzle's motions, and is using this "emergency motion" (filed <u>two</u> <u>weeks</u> after Finazzle's motions) as a means to that end. Indeed, the instant motion includes an alternative request for additional time to respond to Finazzle's motions. Finazzle does not oppose the request for additional time, and is certainly amenable to allowing Freebairn additional time as a professional courtesy. However, Freebairn's efforts to obtain additional time by requesting that the Court strike or disregard Finazzle's motions are improper, and such requests should be denied.

## II.   FREEBAIRN'S MOTION TO STRIKE SHOULD BE DENIED.

Freebairn's motion is premised on the incorrect assertion that Finazzle has violated Local Rule 7.1D by filing two summary judgment motions, one of which exceeds the twenty-five page limitation by five pages. However, Finazzle filed a motion for leave to exceed the page limitation with respect to this motion in accordance with Local Rule 7.1D. (<u>See</u> Finazzle's Motion for Leave to Exceed Page Limitation filed on September 20, 2005). As Finazzle has filed only one brief in excess of twenty-five pages, and has requested leave of the Court with respect to that motion, Freebairn's contention that it has violated Local Rule 7.1D

is without merit.[1]

Freebairn contends that by filing two separate motions for summary judgment, Finazzle was attempting to evade the page limitation set forth in Local Rule 7.1D. This contention is completely misplaced. Federal Rule of Civil Procedure 56 provides that a party may file a motion for summary judgment with respect to claims or counterclaims asserted by or against that party, <u>or any part thereof.</u> <u>See</u> Fed. R. Civ. P. 56(a), (b). Thus, a party is not required to file only one motion for summary judgment with respect to all claims or counterclaims asserted by or against it.

Here, Finazzle filed two separate motions for summary judgment for the convenience of the Court and the parties. Each motion pertains to separate and distinct legal and factual issues. One motion relates only to Freebairn's allegations of copyright infringement, <u>i.e.</u>, Finazzle's claim for declaratory

---

[1] While Local Rule 7.1D does state that a brief in excess of twenty-five pages should not be filed absent prior permission by the Court, it is within this Court's discretion to consider briefs in excess of twenty-five pages, when the motion for leave to exceed the page limitation is filed concurrently therewith. Indeed, one of the cases cited by Freebairn supports Finazzle's contention that the Court should grant Finazzle's motion for leave to exceed the page limitation, and consider its brief that is thirty pages in length. Specifically, Freebairn has cited <u>Fowler v. Sunrise Carper Industries, Inc.</u>, 911 F.Supp. 1560, 1566 (N.D.Ga. 1996), in which the defendant filed an <u>eighty-nine</u> page brief in support of its motion for summary judgment, but did not obtain the court's permission before doing so. Regardless, the Court considered the brief in the "interests of judicial efficiency." (<u>Id.</u>) Here, Finazzle has requested only an additional <u>five</u> pages.

judgment of non-infringement of copyright and Freebairn's counterclaim for copyright infringement, and the other motion relates to all other claims asserted by the parties, which do <u>not</u> pertain to allegations of copyright infringement, i.e., Finazzle's claims for declaratory judgment of non-breach of contract and its affirmative claim for breach of contract, and Freebairn's counterclaims for breach of contract, quantum meruit, unjust enrichment, conversion and attorneys' fees.

Freebairn has provided no authority for the proposition that a party cannot file separate summary judgment motions when the claims involved are distinct, as they are here. In support of its motion, Freebairn cites <u>Novartis Consumer Health Inc. v. Elan Transdermal Technologies, Inc.</u>, 209 F.R.D. 507, 508 (S.D. Fl. 2002), which cites a Florida district court local rule prohibiting the filing of multiple motions for partial summary judgment to evade memorandum page limitations. Of course, no local rule exists in the Northern District of Georgia that is analogous to this Southern District of Florida local rule. Moreover, <u>Novartis</u> is easily distinguishable from the instant case. In <u>Novartis</u>, the defendant filed four summary judgment motions, all of which related to the plaintiff's claim for patent infringement. The Court found that the separate motions were filed solely to evade the page limitation. (<u>Id.</u>) Here, Finazzle filed only two summary judgment motions for the convenience of the Court and the parties, as the two

motions relate to completely different claims, facts and legal issues. Moreover, unlike Novartis, there is no evidence that Finazzle filed these two motions for the purpose of evading the page limitation. Indeed, Finazzle filed a motion for leave to exceed the page limitation with respect to one of these motions. Finazzle could have easily increased the number of additional pages requested, had it decided to file one motion instead of two.

### III. FINAZZLE DOES NOT OPPOSE FREEBAIRN'S ALTERNATIVE REQUEST FOR ADDITIONAL TIME.

This "emergency motion" is nothing more than an indirect attempt by Freebairn to obtain additional time to respond to Finazzle's motions for summary judgment. Freebairn's motion incorrectly states that Finazzle filed its motions on September 30, 2005. In actuality, these motions were filed over two weeks ago on September 20, 2005. Yet, Freebairn waited two weeks to file the instant "emergency motion." Apparently, Freebairn has determined that it requires additional time to craft its response to Finazzle's motions. As a professional courtesy, Finazzle is certainly amenable to allowing Freebairn additional time and, therefore, does not oppose any such request by Freebairn. Additionally, Finazzle does not oppose any request by Freebairn to exceed the page limitation in responding to Finazzle's motions. However, Freebairn's

efforts to obtain additional time by requesting that the Court strike or disregard Finazzle's motions are improper, and such requests should be denied.

## IV. CONCLUSION.

For the foregoing reasons, Finazzle respectfully requests that the Court deny Freebairn's Emergency Motion to Strike Finazzle's Motions for Summary Judgment.

Respectfully submitted this 5th day of October, 2005.

/s/William F. Long
William F. Long
   Georgia Bar No. 457490
Erin C. Witkow
   Georgia Bar No. 141967
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Phone: (404) 853-8000
Fax: (404) 853-8806
Attorneys for Plaintiff
FINAZZLE CORPORATION USA

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing PLAINTIFF FINAZZLE CORPORATION USA'S OPPOSITION TO DEFENDANT FREEBAIRN & CO.'S EMERGENCY MOTION complies with the font and point selections approved by the Court in LR 5.1B. The foregoing document was prepared on a computer using the Book Antigua font (13 point).

/s/William F. Long

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FINAZZLE CORPORATION USA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | 1:04-CV-3751-CC |
| FREEBAIRN & CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel of record hereby certifies that on this day a copy of the within and foregoing PLAINTIFF FINAZZLE CORPORATION USA'S OPPOSITION TO DEFENDANT FREEBAIRN & CO.'S EMERGENCY MOTION was served upon counsel, properly addressed as designated below:

**VIA U.S. MAIL**
David S. Fried
Fleming, Fried & Bonder P.C.
Promenade II, Suite 3750
1230 Peachtree St., N.E.
Atlanta, Georgia  30309

Dated: October 5, 2005

                    <u>/s/William F. Long</u>
                    Georgia Bar No. 457490
                    SUTHERLAND ASBILL & BRENNAN LLP
                    999 Peachtree Street, N.E.
                    Atlanta, Georgia 30309-3996
                    (404) 853-8000 — telephone
                    (404) 853-8806 — facsimile
                    bill.long@sablaw.com — email